IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| DENNIS L. SMITH and HELEN S. STARCHIA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
| v. | ) | Civ. No. 11-257-SLR |
|  | ) |  |
| LEONARD P. STARK, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

Dennis L. Smith. Selbyville, Delaware and Helen S. Starchia, Dagsboro, Delaware. Pro se Plaintiffs

**MEMORANDUM OPINION**

Dated: April 14, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Dennis L. Smith ("plaintiff") filed the instant litigation pro se against defendants Hon. Paul S. Diamond,[1] Hon. Leonard S. Stark,[2] Hon. William B. Chandler III,[3] Hon. J. Travis Laster[4] (collectively, "the judicial defendants"), and Patricia A. Meyers "as nominal defendant" ("Meyers"). (D.I. 1, 3) Along with his amended complaint, plaintiff filed a motion for a restraining order. (D.I. 4) As this judicial officer understands his arguments, plaintiff contends that the judicial defendants have conspired to deprive him of the opportunity to have heard in federal court a dispute that has been festering for years between plaintiff and Meyers. Plaintiff asserts that this "chain conspiracy" is racially motivated and, therefore, federal jurisdiction appropriately rests on 28 U.S.C. § 1331,[5] § 1343(a)(2),[6] and § 1343(a)(3),[7] 42 U.S.C. § 1985(3),[8] and 18 U.S.C. § 241.[9]

---

[1] Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation in the United States District Court for the District of Delaware.

[2] Judge, United States District Court for the District of Delaware.

[3] Chancellor, Court of Chancery of the State of Delaware.

[4] Vice Chancellor, Court of Chancery of the State of Delaware.

[5] Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[6] Section 1343(a)(2) provides for original jurisdiction in the district court "to recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent."

[7] Section 1343(a)(3) provides for original jurisdiction in the district court "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress."

(D.I. 3)

Plaintiff is a frequent filer in this court. For purposes of resolving the pending matters, the court may refer to the following lawsuits plaintiff has either commenced or removed to this court: (1) *Krebs v. Meyers*, Civ. No. 06-455-KAJ ("*Smith I*");[10] (2) *Smith v. Krebs*, Civ. No. 07-525-JJF ("*Smith II*");[11] (3) *State of Delaware v. Smith*, Civ. No. 09-383-JJF ("*Smith III*");[12] (4) *Meyers v. Smith*, Civ. No. 09-579-JJF ("*Smith IV*");[13] (5) *Smith v. Meyers*, Civ. No. 09-814-LPS ("*Smith V*");[14] (6) *Meyers v. Smith*, Civ. No. 10-199-LPS

---

[8] A civil statute for conspiracy to interfere with civil rights in depriving persons of rights or privileges.

[9] A criminal statute for conspiracy against rights.

[10] A case removed from the Delaware Court of Chancery and involving allegations, *inter alia*, that the Court of Chancery prevented plaintiff from representing Meyers simply because he is African-American. The order remanding the case was affirmed by the Third Circuit Court of Appeals. (D.I. 10, 19) There is no dispute that plaintiff is not a lawyer.

[11] A case commenced by plaintiff that includes, *inter alia*, the same allegations as *Smith I*. The order denying plaintiff's motion for injunctive relief was affirmed by the Third Circuit Court of Appeals and the case was dismissed for failure to serve. (D.I. 4, 17, 31)

[12] A case removed from the Family Court of the State of Delaware wherein plaintiff complained that he could not get a fair trial in the State court. The order remanding the case to State court was affirmed and plaintiff's writ of mandamus denied by the Third Circuit Court of Appeals. (D.I. 8, 14)

[13] A case removed from the Delaware Court of Chancery, *Meyers v. Smith*, Civ. No. 4739-MG (Del. Ch.) ("the Meyers lawsuit"), wherein Meyers has asserted against plaintiff various state law causes of action. The case was remanded to State court. (D.I. 4)

[14] An effort through the filing of a temporary restraining order to dismiss the Meyers lawsuit at issue in *Smith IV*. An order issued denying plaintiff's relief requested. (D.I. 19)

("*Smith VI*");[15] (7) *Estate of James Godwin v. Smith*, Civ. No. 10-531-LPS ("*Smith VII*");[16] (8) *Smith v. Farnan*, 10-830-LPS ("*Smith VIII*");[17] (9) *Smith v. Meyers*, Civ. No. 11-21-LPS ("*Smith IX*");[18] (10) *Smith v. Stark*, Civ. No. 11-126-PD ("*Smith X*");[19] and (11) *Smith v. Stark*, Civ. No. 11-257-SLR ("*Smith XI*"), the instant litigation seeking relief from the same *Smith VI* orders as identified in *Smith IX*. A hearing on plaintiff's motion for a restraining order was held on April 8, 2011. (D.I. 6, 8)

A review of the dockets in the above cases demonstrates that plaintiff has a history of filing cases which are frivolous and papers which are repetitive, voluminous, and submitted long after the court has resolved the matters presented in the pleadings. Even as the court was preparing to issue this memorandum opinion, plaintiff once again disrupted State court litigation by removing the cases underlying *Smith VII* (for the second time) and *Smith IV* (for the third time). *See Estate of James Godwin v. Smith*, Civ. No. 11-330 (filed April 13, 2011), and *Meyers v. Smith*, Civ. No. 11-329 (filed April

---

[15]Removal for the second time of the Meyers lawsuit at issue in *Smith IV*. An order issued remanding the case to State court. (D.I. 22)

[16]Removing a lawsuit filed in the Superior Court of the State of Delaware seeking ejectment and alleging timber trespass under state law. An order issued remanding the case to State court. (D.I. 7)

[17]A complaint filed by plaintiff seeking "preventative relief, permanent injunction and other relief" relating to *Smith VI*.

[18]A complaint filed by plaintiff seeking to set aside the judgment entered in *Smith VI* (specifically mentioned D.I. 23, 38, 91), not pursued by plaintiff.

[19]A complaint filed by plaintiff seeking "preventative relief and permanent injunction . . . to stop/enjoin the unconstitutional and illegal remand [*Smith VI*]. An order issued denying the requested injunctive relief. (D.I. 21)

13, 2011). With respect to the *Meyers* lawsuit, plaintiff has been specifically prohibited from engaging in such abusive tactics by order of this court. (*Smith VI*, D.I. 22, 23, 91)

## II. BACKGROUND

The dispute that serves as the keystone for most of plaintiff's federal litigation is one over 39.02 acres of property ("the property"), located in Sussex County, Delaware and identified as Sussex County Tax Map parcel number 5-33-11.00-82.00. From what can be gleaned from the hundreds of pages of documents filed by plaintiff over the years,[20] plaintiff was a friend of the Meyers family and held himself out to be a representative of Meyers (at times claiming a power of attorney) in various real estate transactions, e.g., in dealing with lessees on the property.[21] On January 5, 2004, a document captioned "Sale of Complete Inherited Rights And Authorities to Real Estate Property" was executed by plaintiff and Meyers, whereby Meyers, "for good consideration and in payment of the sum of ONE DOLLAR ($1.00) lawful money," sold and transferred to plaintiff her "complete inherited rights and authorities of her 'one (1) share' of real estate property, as described and to any other degree which is allowed in George A. Evans' 'Last Will and Testament' dated December 1, 1989, concerning" the property. (*Smith IV*, D.I. 1) Two deeds followed, one executed on April 7, 2005 transferring the property from Meyers to plaintiff, and a second executed on July 8, 2005

---

[20]And accepting, for purposes of this proceeding, the veracity of the documents submitted to this court in various of plaintiff's federal cases.

[21]See, e.g., *Bay Twenty, L.L.C. v. Smith*, Civ. No. 069-S (Del. Ch.); *Krebs v. Meyers*, Civ. No. 1120-S (Del. Ch.), the underlying lawsuit in *Smith I*.

transferring the property from plaintiff to one Helen S. Starchia ("Starchia").[22] (*Id.*)

On July 13, 2009, Meyers filed the Meyers lawsuit in the Delaware Court of Chancery, asserting claims under Delaware law for breach of fiduciary duty, common law fraud, undue influence, and exploitation of an infirm adult. The Meyers lawsuit is the State court action underlying *Smith IV, V, VI, IX, X* and *XI*. Meyers seeks, *inter alia*, an order rescinding the deeds transferring the property to Smith and Starchia. For the last 22 months, plaintiff has done all in his power to prevent the various State court proceedings commenced against him to proceed on the merits to a conclusion.

The instant litigation, *Smith XI*, seeks review of the proceedings in *Smith VI*. More specifically, plaintiff contends that Judge Stark did not have jurisdiction to issue his orders dated December 23, 2010 and January 10, 2011. (*Smith VI*, D.I. 91, 97) Plaintiff also contends that the judicial defendants have conspired to deprive him of his civil rights, as Chancellor Chandler reassigned the Meyers litigation to Vice Chancellor Laster the same day as Judge Diamond both issued his order for Chancellor Chandler to respond to plaintiff's motion for a temporary restraining order and denied plaintiff's motion. (*Smith X*, D.I. 9, 21)

## III. DISCUSSION

### A. Injunctive Relief

A preliminary injunction is an extraordinary remedy. In order to prevail on his

---

[22]Although Starchia is a named party in many of the lawsuits identified herein, she has not been an active litigant and, therefore, the court will focus on plaintiff and his conduct.

motion, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) he will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief. *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.,* 112 F.3d 689, 693 (3d Cir. 1997) (*"NutraSweet I"*) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enterprises., Inc.,* 176 F.3d 151, 153 (3d Cir. 1999) (*"Nutra Sweet II"*) .

Plaintiff cannot show a likelihood of success on the merits. As discussed *infra*, defendants are immune from suit and the relief plaintiff seeks is not available. In addition, plaintiff cannot show irreparable harm as he has the opportunity to appeal to a higher court both on the state and federal levels. Nor can plaintiff show that granting the relief he seeks will not harm defendants or that the public interest favors the relief he wants. The relief plaintiff desires virtually obliterates the judiciary's role to rule independently based upon the facts and law, as well as the independence of the State and Federal courts.

Finally, pursuant to the Federal Courts Improvement Act ("FCIA"),"injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or

motion, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) he will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief. *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.,* 112 F.3d 689, 693 (3d Cir. 1997) (*"NutraSweet I"*) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enterprises., Inc.,* 176 F.3d 151, 153 (3d Cir. 1999) (*"Nutra Sweet II"*) .

Plaintiff cannot show a likelihood of success on the merits. As discussed *infra*, defendants are immune from suit and the relief plaintiff seeks is not available. In addition, plaintiff cannot show irreparable harm as he has the opportunity to appeal to a higher court both on the state and federal levels. Nor can plaintiff show that granting the relief he seeks will not harm defendants or that the public interest favors the relief he wants. The relief plaintiff desires virtually obliterates the judiciary's role to rule independently based upon the facts and law, as well as the independence of the State and Federal courts.

Finally, pursuant to the Federal Courts Improvement Act ("FCIA"),"injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or

declaratory relief was unavailable." Pub.L. No. 104-317, 110 Stat. 3487 (1996); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). The Third Circuit has followed the reason in *Bolin* that the FCIA protects both state and federal judges. *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006). *Bolin* emphasizes that injunctive relief ought not be granted to plaintiffs who have adequate remedies at law. *Bolin*, 225 F.3d at 1240. Plaintiff has adequate remedies in both State and Federal court by right of appeal.

For the above reasons, the court will deny the motion for restraining order. (D.I. 4)

### B. Sua Sponte Dismissal

A federal court may sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted); *see Degrazia v. Federal Bureau of Investigation*, 316 F. App'x 172 (3d Cir. 2009) (not published) (claims that meet the *Hagan* standard properly dismissed sua sponte pursuant to Fed. R. Civ. P. 12(b)(1).

#### 1. District Judge's Jurisdiction over another District Judge

Plaintiff asks this court to review the proceedings in *Smith VI and Smith X*. The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction. *Dhalluin v. McKibben*, 682 F.Supp. 1096, 1097 (D. Nev. 1988);

-7-

accord *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 251 n.16 (5th Cir. 2006). Even a chief district judge does not have the authority to disturb or alter the decisions of other district court judges. *In re McBryde*, 117 F.3d 208, 225 (5th Cir. 1997) ("[T]he chief judge cannot sit as a quasi-appellate court and review the decisions of other judges in the district court").

The court lacks the power to grant plaintiff the relief he seeks. Moreover, plaintiff cannot pursue a claim against judges who presided over his prior cases merely because he believes that they decided his claims incorrectly. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991) ("Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'") (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)).

### 2. Absolute Judicial Immunity

The named defendants are judicial officers.[23] Judges are protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). Judicial immunity provides complete immunity from

---

[23]Plaintiff names Patricia A. Meyers as a nominal defendant, presumably because she named him as a defendant in State court.

suit, not merely from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9,11 (1991). A judge is entitled to immunity even where "the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349,356-67 (1978).

Plaintiff argues that Judge Stark lacked jurisdiction to issue certain orders in *Smith VI* and that Judge Diamond's recent ruling in *Smith X* is a fraudulent and void judgment. Plaintiff's positions are not based upon the law and are specious. Even after the remand order in *Smith VI*, plaintiff continued to file motions. As a matter of housekeeping, Judge Stark ruled on the numerous motions.[24] Although a federal court "may consider collateral issues after an action is no longer pending," it is obvious that plaintiff's motions were duplicative and frivolous where the case has been remanded to State court. *See Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1256 (3d Cir. 1996) (quoting 496 U.S. 384, 395 (1990).

Based upon the above, the court will dismiss the complaint sua sponte. Dismissal is appropriate because it is "no longer open to discussion" that the relief plaintiff seeks is unavailable in the context of this civil action. *See Madkins v. City of Memphis*, 20 F. App'x 335, 336 (6th Cir. 2001) (not published) (upholding district court's *sua sponte* dismissal of a complaint against forty-eight defendants including judges, a

---

[24]The court notes in this regard that plaintiff has a penchant for continuing to file motions after a dispositive ruling. *See Smith VI*, where plaintiff filed over twenty motions after the case had been remanded. It is an administrative irregularity that allows litigants to continue litigating a case that is no longer a case in the court.

court clerk, prosecutors, a grand jury foreman, police officers and others where the plaintiff alleged that governmental officials improperly prosecuted him, that individuals falsely testified against him, and that he was convicted and confined as the result of a vast conspiracy against him).

### C. Show Cause

As discussed, plaintiff has either commenced in, or removed to, this court numerous interrelated lawsuits. Despite remand of the state court actions, plaintiff continues to file notices of removal. Indeed, he has removed the State court action underlying *Smith IV* three times, and the State court action underlying *Smith VII* two times. Not content with unfavorable rulings in the civil actions and remands to State court, plaintiff now seeks to enjoin enforcement of the orders and files complaints against judicial officers who entered the orders. *See Smith VIII, Smith X, Smith XI.*

Plaintiff's repeated filings on issues resolved by this court are vexatious and an abuse of the legal process. Because of plaintiff's vexatious litigious actions, this court has the power to enjoin him from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated. 28 U.S.C. § 1651; *see Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Chipps v. United States District Court for the M.D. of Pa.*, 882 F.2d 72, 73 (3d cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. Jan. 27, 2004) (not published).

Plaintiff, therefore, will be ordered to show cause, in writing, why he should not be enjoined from filing, without prior authorization of the court, any notice of removal, complaint, lawsuit, motion for injunctive relief, or petition for writ of mandamus, related to

Delaware Chancery Court case *Meyers v. Smith*, Civ. No. 4739-MG (Del. Ch.) and Delaware Superior Court case *Estate of James Godwin v. Smith*, Civ No. S09C-07-045(THG) (Del. Sup.) and parallel cases filed by plaintiff. *See Smith III; Smith IV; Smith V; Smith VI; Smith VII; Smith VIII; Smith IX; Smith X; Smith XI; Estate of James Godwin v. Smith*, Civ. No. 11-330-SLR; and *Meyers v. Smith*, Civ. No. 11-329-SLR.

## IV. CONCLUSION

For the above reasons, the court will deny the motion for restraining order. The court will dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1). Finally, plaintiff will be ordered to show cause why he should not be enjoined from filing similar cases without prior authorization of the court.