IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS L. SMITH and HELEN S. STARCHIA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 11-257-SLR ) |
| LEONARD P. STARK, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 5th day of May, 2011;

1. **Background.** Plaintiff Dennis L. Smith ("Smith"), a pro se litigant, has engaged in filing numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process.[1] On April 14, 2011, the court ordered Smith to show cause why he should not be enjoined from filing in the United States District Court for the District of Delaware, without prior authorization of the court, any notice of removal, complaint, lawsuit, motion for injunctive relief, or petition for writ of mandamus, related to Delaware Chancery Court case *Meyers v. Smith*, Civ. No. 4739 MG (Del. Ch.), and Delaware Superior Court case *Estate of James Godwin v. Smith*, Civ No. S09C-07-045(THG) (Del. Sup.), and parallel cases filed by Smith. See *State of Delaware v. Smith*, Civ. No. 09-383-JJF; *Meyers v. Smith*, Civ. No. 09-579-JJF; *Smith v. Meyers*, Civ. No. 09-814-LPS; *Meyers v. Smith*, Civ. No. 10-199-LPS; *Estate of James*

---

[1]Appellant's litigation history is more fully described in the court's April 14, 2011 memorandum opinion and order. (D.I. 9, 10)

*Godwin v. Smith*, Civ. No. 10-531-LPS; *Smith v. Farnan*, Civ. No. 10-830-LPS; *Smith v. Meyers*, Civ. No. 11-021-LPS; *Smith v. Stark*, Civ. No. 11-126-PD; *Smith v. Stark*, Civ. No. 11-257-SLR; *Meyers v. Smith*, Civ. No. 11-329-SLR; and *The Estate of James Godwin v. Smith*, Civ. No. 11-330-SLR. (See D.I. 9, 10)

2. **Standard of Review.** A district court has the power to enjoin vexatious litigants from filing meritless pleadings that duplicate ones already adjudicated. 28 U.S.C. § 1651; *see Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. 2004) (not published). The court, in seeking to enjoin Smith as a vexatious litigant from future litigation, provided him sufficient notice and an opportunity to be heard in the form of a show cause order entered April 14, 2011. (D.I. 11); *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).

3. **Discussion.** Prior to responding to the show cause order, Smith filed a motion to stay to "stop this ongoing 'chain conspiracy'". (D.I. 11) The court will deny the motion.

4. In Smith's response to the show cause order, he reiterates the position he has taken in most of the cases he has filed – that, by virtue of a coverup, there is a chain conspiracy, lack of jurisdiction, and judgments are void. Smith claims that the chain conspiracy and void judgments are "based on extrinsic fraud upon a pro se black man, in this white controlled federal court" and that his "equal civil rights [have] been violated to an unconstitutional and illegal - extreme, based on extrinsic fraud and invidious racial discrimination." He asks, "please do not take my Due Process Rights away." (D.I. 12)

5. It is apparent from Smith's response that the frivolous and vexatious nature of his prior complaints and filings are of no concern to him, a circumstance that indicates the likelihood that such abuse of the complaint procedure will continue unless protective procedures are instituted. Indeed, Smith continues, unabated, to reiterate his misguided theories, despite court rulings to the contrary. His repeated positions notwithstanding, there is nary a hint in his response explaining why he should not be enjoined from filing in this court.

6. **Conclusion.** Smith has failed to show cause why he should not be enjoined from filing, without prior authorization of this court, any notice of removal, complaint, lawsuit, motion for injunctive relief, or petition for writ of mandamus, related to Delaware Chancery Court case *Meyers v. Smith*, Civ. No. 4739 MG (Del. Ch.), and Delaware Superior Court case *Estate of James Godwin v. Smith*, Civ No. S09C-07-045(THG) (Del. Sup.), and parallel cases filed by Smith. See *State of Delaware v. Smith*, Civ. No. 09-383-JJF; *Meyers v. Smith*, Civ. No. 09-579-JJF; *Smith v. Meyers*, Civ. No. 09-814-LPS; *Meyers v. Smith*, Civ. No. 10-199-LPS; *Estate of James Godwin v. Smith*, Civ. No. 10-531-LPS; *Smith v. Farnan*, Civ. No. 10-830-LPS; *Smith v. Meyers*, Civ. No. 11-021-LPS; *Smith v. Stark*, Civ. No. 11-126-PD; *Smith v. Stark*, Civ. No. 11-257-SLR; *Meyers v. Smith*, Civ. No. 11-329-SLR; and *The Estate of James Godwin v. Smith*, Civ. No. 11-330-SLR

IT IS THEREFORE ORDERED that:

1. The motion to stay is **denied.** (D.I. 11)

2. Smith is hereby enjoined from filing, without prior authorization of this court, any notice of removal, complaint, lawsuit, motion for injunctive relief, or petition for writ of mandamus, related to Delaware Chancery Court case *Meyers v. Smith*, Civ. No. 4739 MG (Del. Ch.), and Delaware Superior Court case *Estate of James Godwin v. Smith*, Civ No. S09C-07-045(THG) (Del. Sup.), and parallel cases filed by Smith. See *State of Delaware v. Smith*, Civ. No. 09-383-JJF; *Meyers v. Smith*, Civ. No. 09-579-JJF; *Smith v. Meyers*, Civ. No. 09-814-LPS; *Meyers v. Smith*, Civ. No. 10-199-LPS; *Estate of James Godwin v. Smith*, Civ. No. 10-531-LPS; *Smith v. Farnan*, Civ. No. 10-830-LPS; *Smith v. Meyers*, Civ. No. 11-21-LPS; *Smith v. Stark*, Civ. No. 11-126-PD; *Smith v. Stark*, Civ. No. 11-257-SLR; *Meyers v. Smith*, Civ. No. 11-329-SLR; and *The Estate of James Godwin v. Smith*, Civ. No. 11-330-SLR.

3. Smith must file a motion for leave to file with any document he proposes to file and must attach a copy of this memorandum order to it. The motion shall be filed as a miscellaneous case.

4. As an exhibit to any motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (a) the document raises a new issue that has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, and (c) the document is not filed in bad faith.

5. The court shall deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be

filed. The failure to comply with this memorandum order shall be sufficient grounds for this court to deny any motion for leave to file.

6. If the motion for leave to file is granted, Smith shall submit the order as evidence that he has obtained the permission of the court for the filing.

7. No document submitted by Smith shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless the document contains an affidavit or sworn declaration as required by this memorandum order, and a copy of this memorandum order.

8. The clerk's office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshal forms, in connection with a motion for leave to file, unless and until leave is granted.

_____
UNITED STATES DISTRICT JUDGE